## PLAUT v. UNITED STATES.
### No. 45598.

Court of Claims.
Nov. 6, 1944.

Llewellyn A. Luce, of Washington, D. C., for plaintiff.

H. S. Fessenden, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

MADDEN, Judge.

The plaintiff claimed a refund of income taxes paid by her for the year 1936, on the ground that common stock of City Housing Corporation, owned by her, had become worthless during that year. The Commissioner of Internal Revenue rejected her claim, and she brings this suit. She is entitled to recover, under Section 23(e) (2) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code § 23(e) (2), if in fact her stock became worthless during that year, since such a loss would be one incurred in a "transaction entered into for profit, though not connected with the trade or business."

The business history of City Housing Corporation is recited in the findings of fact, and will not be repeated here. The Corporation, after a promising beginning, encountered the depression, and became the object of a reorganization under Section 77B of the Bankruptcy Act, 11 U.S. C.A. § 207. Under the reorganization, the liabilities which the Corporation had incurred in the development of its Sunnyside property were made the direct liabilities of a new corporation called Sunnyside, Inc., to which were transferred the securities which had been collateral to those liabilities. The Corporation's Radburn liabilities were similarly segregated. The equity of the Corporation in the two properties was preserved by giving it the common stock of the two new companies, so that it and its stockholders such as the plaintiff were not frozen out of any valuable interest which might have inhered in the direct ownership which the Corporation had of those properties before the reorganization.

The only evidence which we have of the value of the common stock of the Corporation before 1936, and at the end of 1936, are the Corporation's own statements of its assets and liabilities. In a statement as of

March 1, 1935, submitted with the plan of reorganization, and summarized in finding 16, it appears that the corporation had assets of $11,332,884.87 and liabilities, other than common stock, of $9,729,418.23. The par value of the common stock was $2,954,600. According to that statement, the common stock represented an equity of about one-half of its par value. The Corporation's balance sheet of December 31, 1936 (see finding 18), after the reorganization, of course, reflected that it had parted with some of its assets, and been relieved of some of its direct liabilities, as we have seen. Taking those changes into consideration, it had still lost ground, financially, since it showed assets of $2,839,438.10 and liabilities other than common stock of $2,275,298.16, leaving an excess of only $564,139.94 as representing the value of the stock, the par value of which was $2,954,600. The Corporation had also heavy contingent liabilities, under the reorganization plan and otherwise. But this financial statement does not show that the stock of the Corporation was worthless at the end of 1936. There is no evidence of sales, or offers to sell or to buy the stock during the relevant period, which might affect the conclusion drawn from the financial statement.

The plaintiff's petition will be dismissed. It is so ordered.

JONES, Judge, took no part in the decision of this case.